UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
AT EVANSVILLE

| | |
|---|---|
| CHADD STEELE )<br>112 West 20th Street )<br>Owensboro, Kentucky, 42303 )<br>)<br>        Plaintiff, )<br>)<br>v. )<br>)<br>)<br>)<br>RESTORATION BUILDERS, INC. f/k/a )<br>ELBERT CONSTRUCTION, LLC )<br>2261 Gattis School Road )<br>Suite 225 )<br>Round Rock, TX 78664 )<br>)<br>        Serve: )<br>        Capitol Corporate Services, Inc. )<br>        9221 Crawfordsville Rd )<br>        Indianapolis, IN 46234 )<br>)<br>        Defendant. )<br>_____ ) | CIVIL ACTION NO. _____ |

*ELECTRONICALLY FILED*
**COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND**

Comes Plaintiff, Chadd Steele by counsel, and for his Complaint against Defendant Restoration Builders, Inc., states as follows:

**INTRODUCTION**

1. This is an action against Restoration Builders, Inc. ("Restoration Builders") f/k/a Elbert Construction, LLC for discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA").

1

## PARTIES AND JURISDICTION

2. Plaintiff, Chadd Steele, resides in Owensboro, Daviess County, Kentucky and is a former employee of Defendant.

3. Defendant Restoration Builders, Inc., is a Wyoming corporation in good standing with its principal office located in Round Rock, TX.

4. On or around October 15, 2020, Defendant Restoration Builders, Inc. ("Restoration Builders") completed the asset purchase of Elbert Construction, LLC and assumed all rights, duties, obligations, claims, assets, and all other interests belonging to Elbert Construction, LLC.

5. Restoration Builders does business in Indiana through its office in Noblesville, Indiana and during the relevant period also did so through its office in Evansville, Indiana.

6. During the period of allegations asserted herein, Restoration Builders, Inc. was the entity operating and doing business as Restoration Builders.

7. This Judicial District has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the claims asserted arise under the laws of the United States subject matter jurisdiction is also proper based on diversity pursuant to 28 U.S.C. § 1332 as both Plaintiff and Defendant are residents of different states (Kentucky and Texas respectively) and the amount in controversy exceeds the jurisdictional threshold of this Court, exclusive of interest and costs.

8. Personal Jurisdiction is proper in the Court as the conduct alleged occurred in the judicial district in Indiana and the action arises out of Defendant's transacting business in Indiana (*See* Ind. T.R. 4.4 providing Long-Arm Jurisdiction)

9. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events and/or omissions giving rise to the claims described in this Complaint occurred in Evansville, Indiana.

## PROCEDURAL BACKGROUND

10. Plaintiff, Chadd Steele, ("Mr. Steele") exhausted his administrative remedies with the Equal Employment Opportunity Commission.

11. The U.S. Equal Employment Opportunity Commission ("EEOC") issued Mr. Steele a Notice of Right to Sue on June 9, 2023. A true and correct copy of that Notice is attached as **Exhibit A.**

12. This Complaint is being filed within 90 days of Mr. Steele's receipt of the EEOC Notice of Right to Sue.

## FACTUAL BACKGROUND

13. Mr. Steele is forty-six (46) years of age.

14. In or around the fall 2019, Elbert Construction, LLC ("Elbert Construction") hired Mr. Steele as a Service Technician.

15. Mr. Steele was responsible for ordering materials, scheduling jobs, assigning crews to jobs, conducting repairs, running materials to job sites, and ensuring customer satisfaction.

16. Upon starting his position, Elbert Construction promised Mr. Steele certain compensation and/or benefits, including, but not limited to, profit sharing, stock options, and paid vacation.

17. During his tenure with Elbert Construction, he never received such compensation and/or benefits.

18. On or about January 1, 2021, Restoration Builders acquired and absorbed Elbert Construction and assumed its obligations.

19. At that time, JJ Beard ("Mr. Beard"), a supervisor of Mr. Steele at Elbert and then Restoration, informed Mr. Steele that Mr. Steele would be responsible for additional duties as a Production Manager.

20. In addition, Mr. Beard informed Mr. Steele that he would not be compensated for his additional duties, and that he was expected to perform these additional duties at a reduced rate of pay.

21. Thereafter, in January of 2021, Mr. Steele inquired about the termination of Austin Morris ("Mr. Morris").

22. Mr. Steele suspected that the termination of Austin Morris was discriminatory, based on Mr. Morris' race.

23. Austin Morris is an African American man.

24. Upon Mr. Steele's questioning about Mr. Morris' termination, Mr. Beard stated to Mr. Steele that Mr. Morris was "not what we have in mind as a representative of our company."

25. When Mr. Steele asked Mr. Beard what he meant by these comments, Mr. Beard stated, "I think you know why."

26. Mr. Morris was replaced by Brian Heilberg, a white man of, upon information and belief, half Mr. Steele's age.

27. Following Mr. Steele's inquiry about the termination of Mr. Morris, Restoration Builders demoted Mr. Steele back to Service Technician. However, Mr. Steele was still expected to perform his additional managerial duties.

28. On or about February 12, 2021, Mr. Steele was asked to sign an agreement acquiescing to the demotion and agreeing to continue his additional managerial duties without commensurate compensation.

29. Mr. Steele refused to sign the agreement.

30. Restoration Builders terminated Mr. Steele on February 12, 2021.

## COUNT I

### Retaliatory Termination in Violation of Title VII

31. Plaintiff restates and reaffirms each of the allegations contained in paragraphs 1-29.

32. Pursuant to 42 U.S.C. § 2000e-3(a), it shall be an unlawful employment practice "for an employer to discriminate against any of his employees…because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under this subchapter."

33. Restoration Builders retaliated against Mr. Steele for opposing the termination of Mr. Morris based on upon his race.

34. Mr. Morris is a member of a protected class on the basis of his race.

35. Mr. Steele was retaliated against and terminated for opposing an unlawful employment practice under 42 U.S.C. § 2000e-2(a).

36. As a direct and proximate result of Restoration Builders' unlawful discriminatory actions, Mr. Steele has suffered damages, including but not limited to, humiliation and embarrassment, emotional distress, mental anguish, and lost wages and benefits.

37. Defendant willfully violated Mr. Steele's rights under Title VII and, as a result, is liable for punitive or exemplary damages.

## COUNT II

### Discriminatory Termination Based on Age in Violation of the Age Discrimination in Employment Act

38. Plaintiff restates and reaffirms each of the allegations contained in the foregoing paragraphs.

39. Mr. Steele is a member of a protected class on the basis of his age. He is a forty-six (46) year old man.

40. Mr. Steele, in all respects, was performing his job in a manner that was consistent with Restoration Builders' legitimate business expectations.

41. Restoration Builders discriminated against Mr. Steele as described above.

42. Mr. Steele's age was a substantial motivating factor giving rise to his termination and Defendant's treatment of him leading thereto.

43. Any statement and/or purported basis and/or justification for Mr. Steele's termination and Defendant's treatment of him leading thereto was and is merely pretextual.

44. Immediately after terminating Mr. Steele, Defendant replaced him with a younger male, who is at least twenty (20) years younger that Mr. Steele, and has significantly less experience in the duties both of Service Technician and Project Manager.

45. As a direct and proximate result of Restoration Builders' unlawful discriminatory actions, Mr. Steele has suffered damages including, but not limited to, humiliation and embarrassment, emotional distress, mental anguish, and lost wages and benefits.

46. Defendant willfully violated Mr. Steele's rights under the ADEA and, as a result, is liable for punitive or exemplary damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests as follows:

1. Judgment for compensatory damages, including but not limited, to past and future lost wages and past and future lost benefits, emotional distress, mental anguish, humiliation and embarrassment;

2. Judgment for punitive damages;

3. His costs herein, including reasonable attorney fees, to the extent provided by applicable law.

4. Any and all other relief to which he may be entitled.

5. Trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,

*/s/ Christopher A. Bates*
CHRISTOPHER A. BATES
ALLISON P. DEMPSEY
SEILLER WATERMAN LLC
Meidinger Tower, 22nd Floor
462 South Fourth Street
Louisville, Kentucky  40202
Telephone:  (502) 584-7400
Facsimile:  (502) 583-2100
Email:  @derbycitylaw.com
Attorney for *Chadd Steele*